## STICKNEY v. BURKE.

The notice requisite under the statute to determine a tenancy at will may require the tenant to quit on any day therein named.

ACTION, upon the statute of landlord and tenant. The defendant occupied the plaintiff's store as a tenant at will. The rent for

each month was payable on the first day of the next month.   January 29, 1887, the plaintiff gave the defendant a notice to quit March 1, 1887.   The defendant objected that the notice was insufficient because it required him to quit on the first day of the month, and contended that it should have required him to quit on the last day of the month.   The court held the notice sufficient, and the defendant excepted.

*A. F. L. Norris* and *Henry Robinson*, for the defendant.   The case finds that the tenancy was not at will strictly, and the rent not payable on demand, because a different contract appears.   The rent was payable on the first day of each month for the whole of the previous month.   It was a tenancy from month to month, because the rent had been paid in this way monthly.   *Currier* v. *Perley*, 24 N. H. 225.   By the terms of the contract the rent might have been made payable monthly upon any day during the month for the month before such day, and in that case in would not have been necessary that the notice should terminate with the last day of any year or month except of the current year or month. It would still be expedient that the notice should end with the current month, since the lessor could claim no rent for an unexpired month where he had put an end to the lease by his own act; and the tenant, for the same reason, could not relieve himself of the rent for the whole month by electing to leave a few days before it expired.   Comyn L. & T. 269.; *Baker* v. *Adams*, 5 Cush. 104; *Currier* v. *Perley*. 24 N. H. 224.   If this view were to be held correct, it would make no difference in the case, since at common law the defendant would be bound to give the same notice and to take the same steps to put an end to his tenancy as under the statutes, since they have made no change whatever in relation to cases like the present, unless it is to substitute a notice of thirty days for one of a month.

The language of this chapter, so far as it relates to notices, is broad and general.   It prescribes how all tenancies at will may be terminated, and directs the length of notice required; and there is nothing which confines its operation to proceedings under the statute, or which shows an intention to prescribe a different time or manner of notice to quit in the statute process from that required in the ordinary actions at law.   We think the notices prescribed by the statute were designed to be substituted for those required at common law.   *Currier* v. *Perley*, 24 N. H. 224.   In *Hazeltine* v. *Colburn*, 31 N. H. 472, it is said that "at common law it was not only allowed, but it was indispensably requisite, that the time on which the tenant was notified to quit should be the last day of his year, quarter, etc., and there is not the slightest ground in the statute to believe that the legislature could have intended to make a change by which the notice should not terminate on that day."   In *Leavitt* v. *Leavitt*, 47 N. H. 329, 341, the remark in *Hazeltine* v.

*Colburn, supra,* was repeated, that "at common law it was indispensable that the time when the tenant was notified to quit should be the last day of his year, quarter, etc., and there is not the slightest ground in the statute to believe the legislature could have intended to make a change by which the notice should not terminate on that day." Thus our court, at the three different periods, have unmistakably adopted the same law, that the time when the tenant was notified to quit should be the last day of his year, quarter, month, etc. And so it is held in Massachusetts under a statute much like ours : "A notice to quit, which breaks into the quarter, month, or week, is not a good notice." *Baker* v. *Adams,* 5 Cush. 99 ; *Prescott* v. *Elm,* 7 Cush. 346 ; *Oakes* v. *Munroe,* 8 Cush. 285 ; *Sanford* v. *Harvey,* 11 Cush. 93 ; *Currier* v. *Barker,* 2 Gray 226, 324 ; *Steward* v. *Harding,* 2 Gray 335. "And as neither party has a right to put an end to the tenancy before the expiration of the year, if the occupation goes beyond that period a new year is entered upon, and a right to enjoy it arises." Taylor L. & T., s. 476. "For instance : A tenancy from year to year in England is said to be determined by six months' notice to quit, by which is meant a notice to quit in six months, or at the expiration of six months. So, too, in case of a tenancy from quarter to quarter, or from month to month, a quarter's or a month's notice to quit is required, by which is always understood a notice to quit at the expiration of a quarter or a month. Such, in fact, is the mode in which notices to quit are almost uniformly designated in the elementary books and in the reports of adjudged cases. Taylor L. & T. 49 ; 2 Arch. N. P. 394 ; Comyn L. & T. 268 ; *Right* v. *Darby,* 1 T. R. 159 ; *Doe* v. *Spence,* 6 East 121 ; *Huffell* v. *Armistead,* 7 Car. & P. 56 ; *Doe* v. *Green,* 9 Ad. & E. 658 ; " *Oakes* v. *Munroe, supra.*

*Albin & Martin,* for the plaintiff, cited Taylor L. & T., s. 477, n. 1, and *Savings-Bank* v. *Bellamy,* 49 Mich. 317.

CARPENTER, J. The statute provides that "Any lessor or owner of any lands or tenements may at any time determine any lease at will or tenancy at sufferance, by giving to the tenant or occupant a notice in writing to quit the same at a day therein named." G. L., c. 250, s. 1. In *Currier* v. *Perley,* 24 N. H. 219, and *Hazeltine* v. *Colburn,* 31 N. H. 466, 471, it was held under this statute that the notice need not require the tenant to quit on the last day of the year, month, or week of the tenancy.

*Exceptions overruled.*

CLARK, J., did not sit : the others concurred.